UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAFAEL LOPEZ, | ) | 1:05-cv-01122-AWI-SMS |
| | ) | |
| Plaintiff, | ) | **FINDINGS AND RECOMMENDATION** |
| | ) | **RE: DISMISSAL OF ACTION FOR** |
| vs. | ) | **LACK OF PROSECUTION, FAILURE** |
| | ) | **TO COMPLY WITH COURT ORDERS,** |
| CITY OF VISALIA, TULARE | ) | **AND FAILURE TO OTHERWISE** |
| COUNTY SHERIFF'S DEPARTMENT, | ) | **CONTACT THE COURT** |
| | ) | |
| Defendants. | ) | |

**BACKGROUND**

On September 2, 2005, plaintiff, through his counsel of record, filed his complaint in this action (doc. 1). On September 6, 2005, the court issued its standard Order Setting Mandatory Scheduling Conference (doc. 5-1) which required plaintiff to: **(1)** promptly serve a copy of same on defendants; **(2)** file an appropriate proof of such service with the court; **(3)** attend the [initial] Mandatory Scheduling Conference on January 12, 2006 at 9:00 a.m. before Judge Snyder; and, **(4)** initiate with defendants, prepare, and timely e-file a Joint Scheduling Report.

However, pursuant to a telephone call from plaintiff's counsel on January 11, 2006, advising that the defendants had not yet been served, the court issued a Minute Order (doc. 7) continuing the Mandatory Scheduling Conference from January 12, 2006 to March 21,

2006 at 9:15 a.m. in Courtroom No. 7 before Judge Snyder, for which plaintiff's counsel failed to appear or otherwise contact the court. This action has been alive and well for over six (6) months, and, to date, the court's docket simply, concisely, and only consists of the following:

| Date Filed | Doc. # | [Abbreviated] Docket Text |
|---|---|---|
| 9/2/05 | 1 | Complaint |
| 9/2/05 | 2 | Civil Cover Sheet |
| 9/6/05 | ○ | Receipt for $250.00 for Civil Filing Fee |
| 9/6/05 | 3 | Summons Issued as to City of Visalia |
| 9/6/05 | 4 | Summons Issued as to Tulare Co. Sheriff's Dept. |
| 9/6/05 | 5 | Civil New Case Documents Issued |
| 9/6/05 | 6 | Notice of Noncompliance with Electronic Filing Requirement |
| 1/11/06 | 7 | Minute Order: Initial Scheduling Conference continued from 1/12/06 to 3/21/06 @ 9:15 a.m. in Courtroom No. 7 before Judge Snyder. NOTE: plaintiff's counsel called 1/11/06 and advised that defendants have not yet been served. |

To date, plaintiff has failed to: **(1)** serve defendants with the complaint; **(2)** serve defendants with a copy of the Order Setting Mandatory Scheduling Conference; **(3)** file appropriate proofs of service; **(4)** initiate, prepare, and timely e-file a Joint Scheduling Report; **(5)** attend the March 21, 2006 Scheduling Conference; and/or, **(6)** otherwise contact the court.

### **DISCUSSION**

This court's Local Rule 11-110 provides that "...failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions ... within the inherent power of the Court." District courts have inherent power to control their

1  dockets and "in the exercise of that power, they may impose
2  sanctions including, where appropriate ... dismissal of a case."
3  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A
4  court may dismiss an action, with prejudice, based on a party's
5  failure to prosecute an action, failure to obey a court order, or
6  failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46
7  F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with
8  local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.
9  1992)(dismissal for failure to comply with an order requiring
10 amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th
11 Cir. 1988)(dismissal for failure to comply with local rule
12 requiring pro se plaintiffs to keep court apprised of address);
13 Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
14 (dismissal for failure to comply with court order); Henderson v.
15 Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for lack of
16 prosecution and failure to comply with local rules).
17     In determining whether to dismiss an action for lack of
18 prosecution, failure to obey a court order, or failure to comply
19 with local rules, the court must consider several factors: (1) the
20 public's interest in expeditious resolution of litigation; (2) the
21 court's need to manage its docket; (3) the risk of prejudice to the
22 defendants; (4) the public policy favoring disposition of cases on
23 their merits; and, (5) the availability of less drastic
24 alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
25 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;
26 Ghazali, 46 F.3d at 53.
27     In this case, the Court finds that the public's interest in
28 expeditiously resolving this litigation, and the Court's interest

in managing the docket weigh in favor of dismissal, as plaintiff has not advanced this action by failing to serve the complaint on defendants and to attend the Scheduling Conference.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.

## CONCLUSION AND RECOMMENDATION

Accordingly, this Court HEREBY RECOMMENDS that this action be DISMISSED, without prejudice, pursuant to Local Rule 11-110 for plaintiff's failure to prosecute this action, failure to comply with court orders, and failure to otherwise contact the court.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **ten (10) court days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 21, 2006**             **/s/ Sandra M. Snyder**
icido3                                   UNITED STATES MAGISTRATE JUDGE